IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CARRARO,

    Plaintiff,

v.                                                                                   1:21-cv-00646-JCH-LF

ALLSTATE INSURANCE COMPANY,

    Defendant.

**ORDER ON MOTION TO COMPEL AND ON OPPOSED
MOTION FOR LEAVE TO FILE A RESPONSE**

THIS MATTER COMES before the Court on Allstate's Motion to Compel Supplementation of Plaintiff's Discovery Responses (Doc. 27) and Plaintiff's Opposed Motion for Leave to File Response to Motion to Compel Supplementation of Plaintiff's Discovery Responses (Doc. 32). Allstate filed a response to plaintiff's motion. Doc. 33.[1] Having reviewed the briefing and the relevant law, the Court finds that the parties have failed to properly meet and confer with regard to defendant's discovery requests and will DENY both motions, order the parties to meet and confer, and extend the deadline for Allstate to file a motion to compel pertaining to its First Set of Interrogatories, Requests for Production, and Requests for Admission.

On September 10, 2021, Allstate served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Plaintiff. Doc. 13; Doc. 27 at 2. On October 7, 2021, Plaintiff Joseph Carraro requested an extension of time until October 25, 2021, to respond, which Allstate granted. Doc. 27 at 2; Doc. 27-1. On October 23, 2021, Mr. Carraro served his responses and objections. Doc. 27 at 2; Doc. 27-2. On November 10, 2021, Allstate emailed

---

[1] Because the Court will deny this motion as moot; no reply is necessary.

Mr. Carraro a letter, requesting that he supplement his responses. Doc. 27 at 2; Doc. 27-3. On November 15, 2021, the parties filed a Notice of Agreed Extension which stated that the parties had agreed to extend the time for filing motions to compel regarding plaintiff's responses to Allstate's Interrogatories and Requests for Production until December 3, 2021. Doc. 26. Also, on November 15, 2021, the parties agreed via email to extend until November 24, 2021, the deadline for plaintiff to supplement his discovery responses. Doc. 33-1 at 3–4. On December 2, 2021, Allstate advised Mr. Carraro of its intent to file a motion to compel based upon Mr. Carraro's failure to supplement his discovery responses. *Id*. at 2. On December 2, 2021, Mr. Carraro advised Allstate that he was "completing the supplementation currently" and asked for an extension "until tomorrow to respond." Doc. 33-1 at 1. Allstate agreed, stating that it intended to "file [its motion to compel] tomorrow afternoon," and that it had assumed Mr. Carraro was not supplementing his discovery since he had not done so by the agreed-upon November 24, 2021 deadline. *Id*. On December 3, 2021, at 2:58 p.m., Allstate filed its motion to compel (Doc. 27); *see also* CM/ECF date stamp. On December 3, 2021, at 3:05 p.m., Mr. Carraro filed a Certificate of Service of Supplemental Discovery. Doc. 28; *see also* CM/ECF date stamp and Doc. 32 at 2. Mr. Carraro did not file a response to the motion to compel (Doc. 27) and, on December 28, 2021, Allstate filed a Notice of Completion of Briefing. Doc. 31. Also on December 28, 2021, Mr. Carraro filed his motion for leave to file a late response to the motion to compel. Doc. 32.

In his motion to file a late response, Mr. Carraro's attorney, A. Blair Dunn, first complains that "[t]he Court did not state" in its Order Adopting the Joint Status Report (Doc. 16) that it did "not modify the local rule as some Judges in this District do." Doc. 32 at 1. However, there is nothing in the Court's order that suggests that the local rules <u>do not</u> apply, and no

attorney prior to Mr. Dunn has expressed any similar confusion as to the applicability of the local rules.  The Court is not required to order the parties to follow applicable procedural rules.  Nevertheless, Judge Fashing's initial scheduling order explicitly states that "[t]he Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure will apply to this lawsuit." Doc. 3 at 1; Doc. 4 at 1.  That the Court did not state in the order adopting the joint status report that the order did not modify the local rules does not excuse Mr. Dunn from complying with those rules.

Mr. Dunn next argues that he thought that after he supplemented Allstate would "correct its premature filing or at least continue to adhere to the requirements of F.R.C.P. 37 to confer in good faith regarding the supplementation if Defendant still believed that there were inadequacies." Doc. 32 at 2.  The Court is troubled that Mr. Dunn just assumed—without any communication with opposing counsel—that Allstate would withdraw its motion and therefore filed no response.  *See also* Allstate's response (Doc. 33 at 3) ("Allstate did not receive any communication from Plaintiff whatsoever with respect to the Motion to Compel, or with respect to the discovery.").  The rules are clear that "a response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ.7.4(a).  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  Because defendant had not withdrawn the motion, and Mr. Dunn intended to oppose it, it was his responsibility to do so in a timely fashion.

Despite the deficiencies in the motion for leave to file a late response, the Court finds that the motion to compel (Doc. 27) should be denied without prejudice.  First, deciding the discovery disputes on the merits is more likely to expediently move this case forward.  Second,

3

Allstate did not adequately confer in good faith both before filing its motion to compel, and after receiving Mr. Carraro's supplemental responses. Sending a single letter describing deficiencies in discovery responses is not sufficient to show a good faith effort to resolve the discovery dispute. The duty to confer in good faith requires more than just sending a letter. Before filing a motion, counsel are required to "converse, confer, compare views, consult and deliberate." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (internal quotation and citation omitted).

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Id*. The Court made this clear in its Amended Initial Scheduling Order:

> The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion. Every certification required by FED. R. CIV. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 4 at 2 n.1.

Allstate agreed that plaintiff could supplement his discovery responses until the afternoon of December 3, 2021 but did not specify a specific time. Plaintiff supplemented his responses on

the afternoon of December 3, 2021, but Allstate did not further confer after this supplementation. If Allstate believed that the supplementation was insufficient, having a motion to compel on file with the Court does not end its duty to confer in a good faith effort to resolve the dispute. The Court expects the parties to make every effort to narrow their discovery disputes before bringing them before the Court.

In its response to plaintiff's motion for leave to file a response, Allstate argues that the discovery deadline is in March of 2022. Doc. 33 at 4. That the discovery deadline is in two months does not excuse Allstate's duty to confer in good faith before involving the Court in discovery disputes. Moreover, because there is no trial date set in this case, the Court is generally amenable to reasonable requests for an extension of the discovery deadlines.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Allstate's Motion to Compel Supplementation of Plaintiff's Discovery Responses (Doc. 27) is DENIED without prejudice. Allstate may file a motion to compel pertaining to its First Set of Interrogatories, Requests for Production, and Requests for Admission, served on September 10, 2021 within 21 days of the date of this order. Any such motion must explain the efforts it has made to confer in good faith.

2. Plaintiff's Opposed Motion for Leave to File Response to Motion to Compel Supplementation of Plaintiff's Discovery Responses (Doc. 32) is DENIED as moot.

3. Should the parties wish to extend the scheduling order deadlines, they should file a joint motion and proposed order.

_____
Laura Fashing
United States Magistrate Judge