UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH CARRARO,

                **Plaintiff,**

vs.                                                    Civ. No. 1:21-646 JCH/LF

ALLSTATE INDEMNITY COMPANY,

                **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO BIFURCATE AND STAY

On September 15, 2021, Defendant Allstate Indemnity Company ("Defendant") filed a *Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims*. ECF No. 14. The Court, having considered the pleadings, motions, briefs, and relevant law, concludes that the motion should be denied.

**BACKGROUND**

Plaintiff's Complaint stems from a dispute with his insurance provider, Defendant. ECF No. 1-1. Plaintiff alleges that Defendant denied him coverage for a claim he made when the roof of his house was damaged by a hail and windstorm. *Id.* at ¶ 5. Plaintiff also asserts that Defendant paid out an unauthorized claim from his insurance policy to Plaintiff's neighbor when the sidewalk was damaged by tree roots. *Id.* at ¶ 10. These allegations are referred to as the "contractual claims." In addition to the contractual claims, Plaintiff also asserts "extra-contractual claims" in his Complaint. ECF No. 1-1. Under Counts II and III, Plaintiff alleges in part that Defendant breached the covenant of good faith and fair dealing by refusing to pay the first-party claim, *id.* at ¶ 30, by not informing him of all coverage afforded to him under the policy, *id.* at ¶¶ 31 and 33, by failing to evaluate the claim in a timely manner and by not acting with honesty and good faith, *id.* at ¶ 32,

1

and by paying out an unauthorized claim. *Id*. at ¶ 36. Plaintiff also asserts that Defendant violated the Trade Practices and Fraud Title of Insurance Code. *Id*. at ¶¶ 21-26. Prior to the entry of this Memorandum Opinion and Order ("MOO") the Court issued a prior MOO denying Plaintiff's motion to remand. The factual background as set forth in the prior MOO provides further details about the facts of the case and the procedural posture and is adopted herein.

Defendant has filed a *Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims*. ECF No. 14. Defendant asserts that bifurcation of the contractual from the extra-contractual claims would resolve Plaintiff's allegations in the most efficient manner. Defendant also seeks a stay of discovery until the contractual claims are resolved. *Id.* at 5.

**LEGAL STANDARD**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims[.]" Fed. R. Civ. P. 42(b). Bifurcation may be in the interest of efficiency and judicial economy when the issues are clearly separable. *See Mandeville v. Quinstar Corp.*, 109 F.App'x 191, 194 (10th Cir. 2004). However, "[b]ifurcation is not required when a plaintiff alleges bad faith beyond just failure to pay because, then, 'not all of plaintiff's extra-contractual claims are dependent on her contractual claims.'" *Prescott v. Bristol W. Ins. Co.*, No. CV 18-0756 KBM/JHR, 2019 WL 95929, at *3 (D.N.M. Jan. 3, 2019) (unpublished) (quotation omitted).

A district court has broad discretion in determining whether to sever claims for trial. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). The general principle is that a single trial tends to lessen delay, expense and inconvenience, and therefore the party seeking bifurcation has the burden of showing that the separation is warranted. *See Belisle v. BNSF Ry.*

*Co.*, 697 F. Supp. 2d 1233 (D. Kan. 2010); *cited in R.P. v. Santa Fe Pub. Sch.*, No. 1:18-CV-01051-KWR-KK, 2021 WL 930464 (D.N.M. Mar. 11, 2021) (unpublished).

**LEGAL ANALYSIS**

Defendant argues that if Plaintiff does not prevail on the contractual claims then the extra-contractual claims cannot stand. *See* ECF No. 14 at 3. Plaintiff asserts in response that the contractual and extra-contractual claims are so intertwined that "their separation would waste precious judicial resources." ECF No. 22 at 2. The Court is not persuaded that Defendant has met its burden.

Defendant has not established that convenience, efficiency, or prejudice to Defendant warrants a stay of discovery and separate trials before separate juries. The contractual claim (Count I) involves whether Plaintiff is legally entitled to recover for the damage sustained to his roof from the hail and windstorm. The extra-contractual claims (Counts II and III) involve the fairness and reasonableness of Defendant's investigation, whether Defendant informed Plaintiff of all his coverage options, and the bad faith denial of coverage. Defendant has not met its burden to show that there will be no overlap in evidence and testimony between Count I and Counts II and III that compels bifurcation. There are similar factual underpinnings between the contractual and extra-contractual claims. It appears that the same individuals associated with Defendant's investigation (for example, the examiner who investigated the condition of the roof and the insurance adjuster who allegedly stated the damage was from a prior claim) would need to be deposed for all the claims asserted by Plaintiff. It is likely that a substantial amount of testimony from these individuals would be relevant for at least some of the elements on all the claims. *See Prescott*, 2019 WL 95929, at *3 (concluding that based on a similar type of analysis that a bifurcation would not promote judicial economy). If a jury determines there was a breach of contract, evidence

regarding the damages would be presented twice. Bifurcation and stay would require the parties to restart discovery, thus prolonging the course of the case.

The Court also disagrees with Defendant's argument that "any time and effort expended on the extra-contractual claim will have been wasted if Plaintiff does not succeed on its underlying contractual claim." ECF No. 14 at 4. This Court has held before that, "[a]n insurer can act in bad faith in its handling of a claim for reasons other than its refusal to pay a claim in full." *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1219 (D.N.M. 2016). "For example, an insurer can act in bad faith by failing to timely and fairly investigate an insured's claim, failing to timely evaluate an insured's claim, or exploiting an insured's vulnerable position." *Prescott*, 2019 WL 95929, at *3. Plaintiff's Complaint alleges in part that Defendant failed to investigate in a timely manner, improperly cancelled Plaintiff's insurance policy, and failed to fully inform him of coverage options under his policy in bad faith. Therefore, even if Plaintiff were not to succeed on the contractual claim, it is still possible that Defendant can be held to have acted in bad faith for its handling of the claim.

The Court is not persuaded by Defendant's efficiency arguments. To economize this Court's resources, the Court will not stay discovery. Instead, the Court will allow discovery on all claims to proceed, so that, should a jury find for Plaintiff on the contractual issues, the parties can proceed before the same jury on the extra-contractual claims. Bifurcating and staying discovery at this stage is not in the interest of efficiency and is not necessary to avoid prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims, ECF No. 14, is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE