IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH CARRARO,

    Plaintiff,

v.                                                                                                      No. 21-cv-00646-JCH-LF

ALLSTATE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joseph Carraro's *Motion to Reconsider* (ECF No. 86), *Objection to Billing Costs* (ECF No. 89), and *Amended Motion to Sanction and Declare a Mistrial* (ECF No. 93).

**I.    Background**

The Court incorporates the background facts from its memorandum opinion and order granting Allstate Indemnity Company summary judgment.[1] *See* Mem. Op. & Order (ECF No. 81). The Court entered that memorandum opinion and order, along with a Rule 58 final judgment, on January 4, 2023. *See id.*; Final J. (ECF No. 82). Shortly before and after that date, the following procedural history unfolded.

On December 30, 2022, the Magistrate Judge granted Mr. Carraro's counsel's motion to withdraw from representation. *See* Order (ECF No. 80). Mr. Carraro has since proceeded *pro se*.[2]

---

[1] Mr. Carraro incorrectly identified the defendant as Allstate Insurance Company in his complaint. *See* Compl. 1 (ECF No. 1-1); Mot. for Summ. J. 1 (ECF No. 60).

[2] Because Mr. Carraro proceeds pro se, the Court construes his brief liberally but does not serve as his advocate. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

On January 9, 2023, Mr. Carraro moved for appointed counsel and for an extension of time to prepare his case. *See* Pff.'s Mot. to Appoint Counsel (ECF No. 83). Because the Court already entered a final judgment, the Court denied Mr. Carraro's motion. *See* Order (ECF No. 84).

On January 11, 2023, Allstate moved to tax costs under Federal Rule of Procedure 54 and Local Rule 54. *See* Def.'s Mot. for Costs (ECF No. 85). Because Mr. Carraro did not respond timely, the Clerk of Court granted Allstate's motion on February 7, 2023. *See* Clerk's Order (ECF No. 88). Then, on February 15, 2023, Mr. Carraro objected to the taxation. *See* ECF No. 89.

On February 17, 2023, Mr. Carraro moved to sanction Allstate's attorneys and declare a mistrial. *See* Pff.'s Mot. to Sanction (ECF No. 91). Allstate responded and requested reasonable attorney's fees incurred in responding to Mr. Carraro's motion. *See* Def.'s Resp. 7 (ECF No. 92) (citing Fed. R. Civ. P. 11(c)). Mr. Carraro replaced his first sanctions motion with an amended motion on March 1, 2023. *See* ECF No. 93. The amended motion maintained substantially the same requests for relief as the earlier one. In Allstate's response to the amended motion, Allstate requested that the Court prohibit further filings. *See* Def.'s Resp. 1 (ECF No. 94).

**II.     Discussion**

Three sets of issues need addressing. First, Mr. Carraro's motion to reconsider and request for relief from summary judgment. *See* ECF No. 86; ECF No. 89; ECF No. 93. Second, Mr. Carraro's motion to sanction Allstate's attorneys, Allstate's request for the attorney's fees needed to respond to this motion, and Allstate's request to prohibit further filings. *See* ECF No. 92; ECF No. 93; ECF No. 94. Third, Mr. Carraro's objection to the taxation of costs. *See* ECF No. 89.

**A.     Reconsideration of Judgment and Relief from Judgment**

The Court granted Allstate summary judgment because "no genuine dispute as to any material fact exists and Allstate is entitled to judgment as a matter of law." ECF No. 81, at 1. Mr.

Carraro, however, asserts that genuine disputes of material fact exist. He also alleges fraud and conspiracy. *See generally* ECF No. 86. In short, Mr. Carraro asks the Court to reconsider its summary-judgment grant and allow the case to proceed to a jury trial. *See id.* at 18.

Construing liberally Mr. Carraro's filings, Mr. Carraro requests relief for reasons that fall under both Rule 59(e) as a motion to alter a judgment and Rule 60(b) as a motion for relief from a final judgment.[3] *See* Fed. R. Civ. P. 59(e), 60(b). The Court will thus consider his filings under both rules. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) ("If a motion is timely under both rules, how we construe it depends upon the reasons expressed by the movant.").

    **1.**    **Rule 59(e)**

Grounds for relief under Rule 59 include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Said differently, "a [Rule 59] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* But Rule 59(e) does not allow a litigant to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* In fact, a district court will abuse its discretion if it grants a Rule 59(e) motion that merely raises new arguments that could have been raised earlier. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) ("Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e).").

---

[3] Mr. Carraro also moved for a mistrial. *See* ECF No. 91; ECF No. 93. No trial has occurred. The Court will thus construe Mr. Carraro's motion for mistrial under Rule 59(e) and Rule 60(b).

3

Mr. Carraro argues that the Court misunderstood the facts. *See* ECF No. 86, at 7. To be sure, Mr. Carraro recites facts that the Court did not include in its memorandum opinion order. For example, Mr. Carraro adds details about his conversation with Mr. Bornfield (Mr. Carraro's neighbor, to whom Allstate paid a settlement for damage from a tree on Mr. Carraro's property that extended onto Mr. Bornfield's property). *See, e.g.*, ECF No. 86, at 8; ECF No. 81, at 3.

But these extra facts would not impact the Court's analysis. A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Mr. Carraro has not identified any overlooked facts or evidence— much less any facts or evidence that were unavailable when he responded to Allstate's motion for summary judgment—that would undermine Allstate's entitlement to judgment as a matter of law.

In short, Sections 2, 3, and 5 of Mr. Carraro's motion to reconsider address his dispute with Mr. Bornfield and the subsequent premium increase. *See* ECF No. 86, at 8, 9, 11. The Court addressed the facts and arguments about this dispute in Section II.A of its memorandum opinion. *See* ECF No. 81, at 7. Section 4 of Mr. Carraro's motion addresses his dispute with Allstate over claims involving his roof. *See* ECF No. 86, at 9. The Court addressed the facts and arguments about this dispute in Section II.B of its memorandum opinion. *See* ECF No. 81, at 11.

The Court identifies only one new argument that Mr. Carraro possibly makes (except for arguments about fraud and conspiracy, which the Court addresses below). Mr. Carraro acknowledges that his policy with Allstate permitted Allstate to "provide a defense with counsel of our choice, even if the allegations are groundless, false, or fraudulent." ECF No. 86, at 16 (citing Def.'s Ex. A, ECF No. 60-1, at 19). But he then adds: "Exception is made for notification of a baseless claim as agreed to by Plaintiff and 'Allstate' through Agent Pirkle." *Id.*

Construing Mr. Carraro's brief liberally, Mr. Carraro perhaps argues that he and Allstate Agent Pirkle modified the insurance policy. Even assuming that Mr. Carraro makes this argument, however, the Court will not consider it. Such an argument was available to Mr. Carraro at the summary-judgment stage. And because this argument could have been raised, Rule 59(e) cannot provide relief. *See Nelson*, 921 F.3d at 929; *see also* 11 Mary Kay Kane, *Federal Practice and Procedure (Wright & Miller)* § 2810.1, Westlaw (database updated Apr. 2023) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (footnote omitted)).

### 2. Rule 60(b)

Rule 60(b) allows a court to relieve a party from final judgment for, among other reasons, "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The rule also contains a catchall clause for "any other reason that justifies relief." *Id.* 60(b)(6). Rule 60(b) relief, however, is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005) (first quoting *Servants of the Paraclete*, 204 F.3d at 1009; and then quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999)).

The Court understands Mr. Carraro to allege two conspiracies. First, Mr. Carraro contends that Allstate and Mr. Bornfield colluded so that Allstate would pay Mr. Bornfield a settlement and then raise Mr. Carraro's premiums. *See* ECF No. 86, at 13. But other than pointing to his premium increase, Mr. Carraro cites no evidence for this alleged collusion, fraud, or conspiracy.[4] A factually unsupported allegation of conspiracy is no reason for Rule 60 relief.

---

[4] The Court took notice of the premium increase in its memorandum opinion. *See* ECF No. 81, at 3. But the increase did not undermine Allstate's entitlement to summary judgment. *See id.* at 11.

Second, Mr. Carraro contends that the Court and Allstate conspired to allow Mr. Carraro's counsel to withdraw. Then, charges Mr. Carraro, the Court granted Allstate summary judgment while Mr. Carraro was without counsel and thus vulnerable. *See, e.g.*, Pff.'s Reply 4 (ECF No. 90); ECF No. 93, at 8. Mr. Carraro alleges bias too. He calls the Court "reticen[t]" to allow the case to go to trial, ECF No. 90, at 7, and "friendly" to Allstate's counsel, ECF No. 93, at 5. For support, Mr. Carraro highlights the short time between the Magistrate Judge's order allowing Mr. Carraro's counsel to withdraw and the Court's summary-judgment order. *See* ECF No. 93, at 8.

The coincidental timing does not support collusion, fraud, conspiracy, or bias. In short, Mr. Carraro's allegations are unsubstantiated and false. Relief under Rule 60 is inappropriate.

**B.    Sanctions, Attorney's Fees, and Prohibition of Filings**

Mr. Carraro asks the Court to sanction Allstate with "penalties or disciplinary action." *See* ECF No. 91, at 5; *see also* ECF No. 93. One source of Mr. Carraro's frustration seems to be a footnote in Allstate's response to Mr. Carraro's motion to reconsider:

> Allstate will not dignify Plaintiff's unsupported allegations of corruption and collusion with a response, as Allstate's conduct speaks for itself, as does the Court's. *See, e.g.*, John Milton, *Animadversions upon the Remonstrants Defence* (1641) ("The best apology against false accusers is silence and sufferance, and honest deeds set against dishonest words.").

Def.'s Resp. 1 n.1 (ECF No. 87); *see also* ECF No. 91, at 2 (expressing frustration with reference).

Allstate asked for sanctions too. After Mr. Carraro moved for sanctions on February 17, 2023, Allstate emailed Mr. Carraro on February 24, 2023. Allstate asked Mr. Carraro to withdraw his motion for sanctions and warned that it would seek the attorney's fees needed to respond. *See* Def.'s Ex. A, at 2 (ECF No. 92-1). Mr. Carraro did not withdraw. Allstate thus responded to Mr. Carraro's motion for sanctions on March 1, 2023, and asked for attorney's fees. *See* ECF No. 92. Because Allstate cites Rule 11(c) to support its request for attorney's fees, the Court will construe Allstate's response as a Rule 11 motion for sanctions. *See id.* at 7. Finally, Mr. Carraro filed an

6

amended motion for sanctions on March 1, 2023. *See* ECF No. 93. And in Allstate's response to that motion, Allstate asked the Court to prohibit further filings. *See* ECF No. 94, at 1.

A motion for Rule 11 sanctions "must be made separately from other motions and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The rule also requires the party seeking Rule 11 sanctions to wait twenty-one days from service before filing the motion for sanctions with the Court. This period allows the filing party an opportunity to withdraw or correct the challenged document and to avoid sanctions. *See id.*; *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).

Both parties' requests for sanctions fail procedurally. Neither party's motion is separate from other filings. Mr. Carraro moved for sanctions alongside his motion for mistrial; Allstate embedded its request for sanctions in its response to Mr. Carraro's motion. What is more, Mr. Carraro did not give Allstate twenty-one days to remove the allegedly offensive footnote. And Allstate did not give Mr. Carraro twenty-one days to withdraw his motion for sanctions. As a result, the Court need not analyze the merits of either party's request.

The Court notes, however, that Mr. Carraro's series of filings is approaching sanctionable conduct. In particular, Mr. Carraro's factually unfounded accusations of conspiracy between Allstate and Mr. Bornfield, as well as between Allstate and the Court, are objectively unreasonable. Going forward, the Court will not tolerate frivolous filings and accusations in this closed matter unless they are supported by some indicia of evidence. *See Drevaleva v. Dep't of Veterans Affs.*, No. 21-cv-00761, 2021 WL 4168600, at *9-10 (D.N.M. Sept. 14, 2021).

**Mr. Carraro is given formal notice that a continuation of non-compliance with the federal procedural rules and this Court's local rules and orders will result in quick action by the Court in exercising its right to manage its docket, including filing restrictions.** *See id.*

### C. Taxation of Costs

Mr. Carraro objects to the Clerk's taxation of costs. *See* ECF No. 89. The Clerk ordered Mr. Carraro to pay Allstate $2,154.16. *See* ECF No. 88. This amount includes $402.00 for a removal filing fee, $13.00 for a notice of filing notice of removal fee, and $1,739.16 for a deposition transcript. *See* ECF No. 85, at ¶¶ 6, 10.

Mr. Carraro's objection to Allstate's motion to tax costs was untimely. He needed to respond in fourteen days. *See* D.N.M.LR-Civ. 7.4(a). But he did so in thirty-five days. *See* ECF No. 85 (Allstate's motion for costs, filed January 11, 2023); ECF No. 89 (Mr. Carraro's objection, filed February 15, 2023). This alone is a reason to adopt the Clerk's order settling costs. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

In the alternative, the Clerk's order was substantively correct. Allstate's motion for costs complied procedurally with Local Rule 54. *See* D.N.M.LR-Civ. 54. The removal filing fee and the notice of filing notice of removal fee are taxable costs. *See* 18 U.S.C. § 1920; *Baca v. Berry*, No. 13-cv-00076, 2014 WL 12650989, at *2 n.2 (D.N.M. May 28, 2014). So too was the fee for the transcript for the deposition, which was reasonably necessary to this litigation. *See* D.N.M.LR-Civ. 54.2(b)(1). And since Allstate was the prevailing party, it is entitled to these costs. *See* Fed. R. Civ. P. 54(d)(1).

Mr. Carraro argues that it was his former counsel who authorized any costs and expenses. As a result, Mr. Carraro claims that he (Mr. Carraro) should not be liable for the costs. But Mr. Carraro "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer Inv. Servs.*

*Co. v. Bruswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 397 (1993) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)).

Finally, Mr. Carraro contends that the costs should only become due when his "Complaint has been resolved or appeals exhausted." ECF No. 89, at 2. But Allstate complied with the Local Rules when it moved for costs within thirty days of the Court's final judgment, so the Clerk's order was appropriate. *See* D.N.M. LR-Civ. 54.1.

### III. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

1. Mr. Carraro's *Motion to Reconsider* (**ECF No. 86**) is **DENIED**;

2. Mr. Carraro's *Objection to Billing Costs* (**ECF No. 89**) is **OVERRULED**;

3. The *Clerk's Order Settling Costs* (**ECF No. 88**) is **ADOPTED**;

4. Mr. Carraro's *Motion for Amended Motion to Sanction and Declare a Mistrial* (**ECF No. 93**) is **DENIED**;

5. Allstate's request for attorney's fees, included within Allstate's *Response to Plaintiff's Motion to Sanction and Declare a Mistrial* (**ECF No. 92**) is **DENIED**; and

6. Mr. Carraro is given **FORMAL NOTICE** that a continuation of non-compliance with the federal procedural rules and this Court's local rules and orders will result in quick action by the Court in exercising its right to manage its docket, including filing restrictions.

_____
SENIOR UNITED STATES DISTRICT JUDGE